**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6111**

WILLIAM DAWSON,

Petitioner - Appellant,

v.

N.C. INNOCENCE INQUIRY COMMISSION; KENDRA MONTGOMERY-BLINN,

Respondents - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-hc-02075-D)

Submitted:  June 24, 2021                                         Decided:  June 29, 2021

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

William Dawson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

North Carolina prisoner William Dawson seeks to appeal the district court's order denying his motion seeking reconsideration of the court's order denying a previous Fed. R. Civ. P. 59(e) motion, which sought reconsideration of the district court's order dismissing Dawson's 28 U.S.C. § 2254 petition. Because this most recent reconsideration motion[*] sought vacatur of the court's earlier order denying reconsideration of Dawson's § 2254 petition and asked the court to liberally construe the habeas petition as raising an additional claim, the district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); *see also Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. McRae*, 793 F.3d 392, 397-99 (4th Cir. 2015).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of

---

[*] Although Dawson's most recent motion was styled as seeking relief under Rule 59(e), the motion was filed more than 28 days after the district court's order denying Dawson's prior Rule 59(e) motion and, thus, is properly construed as a Fed. R. Civ. P. 60(b) motion. *See* Fed. R. Civ. P. 59(e).

a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Absent prefiling authorization from this court, the district court lacked jurisdiction to entertain the reconsideration motion, which was, in actuality, a successive § 2254 petition. *See* 28 U.S.C. § 2244(b)(3). Accordingly, we deny a certificate of appealability and dismiss Dawson's appeal. To the extent Dawson is seeking authorization to file a successive § 2254 petition, we deny such authorization. *See United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*